IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| **PRINCE BRANTLEY** <br> **Plaintiff,** <br><br> **v.** <br><br> **LVNV FUNDING, LLC, a Delaware Limited Liability Company &** <br> **RESURGENT CAPITAL SERVICES L.P., a Delaware Limited Partnership.** <br> **Defendants.** | **Case No.:** <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCP"),** <br> **GEORGIA'S FAIR BUSINESS PRACTICES ACT ("FBPA") & GEORGIA'S UNFAIR OR DECEPTIVE PRACTICES TOWARD THE ELDERLY ("UDPTE")** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), GEORGIA'S FAIR BUSINESS PRACTICES ACT ("FBPA") & GEORGIA'S UNFAIR OR DECEPTIVE PRACTICES TOWARD THE ELDERLY ("UDPTE")

COMES NOW, Prince Brantley, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act, violations of Georgia's Fair Business Practices Act, and violations of Georgia's Unfair or Deceptive Practices Toward the Elderly against Defendant LVNV Funding, LLC ("LVNV") and Defendant Resurgent Capital Services L.P. ("Resurgent").

## INTRODUCTION

1.

Plaintiff, Prince Brantley, through his counsel, brings this action to challenge

the acts of Defendants LVNV and Resurgent regarding their attempts to unlawfully, misleadingly, and abusively attempt to collect a debt allegedly owed by Prince Brantley, and this conduct caused Plaintiff damages.

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA"), Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("FBPA"), and Georgia's Unfair or Deceptive Practices Toward the Elderly ("UDPTE"), O.C.G.A. § 10-1-850 *et seq.* and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transact business in the State of Georgia and the committed acts that form the basis for this suit occurred within the State of Georgia.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District, targeted Plaintiff who is a resident of this District, and Defendant Resurgent has a registered agent in Georgia located within this District.

8.

Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County.

## PARTIES

*Plaintiff Prince Brantley*

9.

Plaintiff Prince Brantley is a natural person, over the age of 65 years, who is a resident of Gwinnett County, Georgia.

10.

Prince Brantley is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants LVNV and Resurgent alleged was obligated to pay a consumer debt.

*Defendant LVNV Funding LLC*

11.

Defendant LVNV Funding LLC ("LVNV") is a Limited Liability Company organized under the laws of the State of Delaware that regularly does business within the State of Georgia, and in particular Gwinnett County.

12.

LVNV can be served through its registered agent, CORPORATION SERVICE COMPANY located at 251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808, or by service on an officer or director of the company at its principal place of business located at 6801 S. CIMARRON ROAD, SUITE 424-J, LAS VEGAS, NV 89113.

4

13.

LVNV is in the business of debt collection.

14.

LVNV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debts.

15.

LVNV is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

*Defendant Resurgent Capital Services, L.P.*

16.

Defendant Resurgent Capital Services L.P. ("Resurgent") is a Limited Partnership organized under the laws of the State of Delaware who regularly does business within the State of Georgia.

17.

Resurgent is a debt collector as it and its agents use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

18.

Resurgent is a debt collector as it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

19.

The individuals, employees, records custodians, officers, directors, and other individuals who attempt to collect debts on behalf of Defendant LVNV, who manage the operations of Defendant LVNV, and who engage in debt collection activities on behalf of Defendant LVNV are employees or agents of Defendant Resurgent.

20.

Resurgent can be served through its registered agent, Corporation Service Company located at 40 Technology Pkwy South, #300, Norcross, GA, 30092, or by service on an employee of managerial status, officer, director, or partner, at its principal place of business located at 55 Beattie Place, Suite 110, Greenville, SC, 29601.

## FACTUAL BACKGROUND

21.

On or about August 12, 2017, Plaintiff Prince Brantley visited Brandsmart, a retail store, located at 5000 Motors Industrial Way, Doraville, GA 30360.

22.

Mr. Brantley selected a Samsung brand washer and dryer set for purchase

("Merchandise").

23.

Upon encouragement by a Brandsmart employee, Mr. Brantley applied for and received a Brandsmart Account.

24.

The Brandsmart Account was a credit card issued by Synchrony Bank.

25.

Mr. Brantley purchased the Merchandise on his Brandsmart Account from Brandsmart on that same date.

26.

The total amount of the purchase for the Merchandise was $1,447.83 ("Alleged Debt").

27.

The Alleged Debt was charged to Mr. Brantley's Brandsmart Account.

28.

Mr. Brantley received receipt at the conclusion of the transaction ("Store Receipt").

29.

A true and accurate copy of the Store Receipt is attached hereto as **Exhibit A**.

30.

On or around August 14, 2017, Brandsmart delivered the Merchandise to Mr. Brantley's home.

31.

Within one week of the delivery of the Merchandise, Mr. Brantley decided to return the Merchandise.

32.

Within one week of the delivery of the Merchandise, Mr. Brantley telephoned the Brandsmart store and informed it that he wished to return the Merchandise.

33.

Sometime shortly thereafter, Brandsmart arrived at Mr. Brantley's home and removed the Merchandise.

34.

Mr. Brantley returned the Merchandise in accordance with Brandsmart's return/refund policy.

35.

Upon acceptance of the returned Merchandise, Brandsmart was obligated to credit Mr. Brantley's Brandsmart Account for the full purchase price of the

Merchandise in accordance with the return/refund policy.

36.

After returning the Merchandise to Brandsmart, Mr. Brantley no longer owed any monies to Brandsmart or the Brandsmart Account for the Merchandise.

37.

Brandsmart failed to credit Mr. Brantley's Brandsmart Account for the returned Merchandise.

38.

Brandsmart failed to issue any kind of refund payment to Mr. Brantley for the returned Merchandise.

39.

Brandsmart knew or should have known Mr. Brantley did not owe the Alleged Debt for the Merchandise.

40.

Synchrony Bank, the issuer of the Brandsmart Account, knew or should have known that Mr. Brantley did not owe the Alleged Debt.

*The Magistrate Lawsuit against Prince Brantley*

41.

On or about January 16, 2020, Defendant LVNV filed a lawsuit against Mr. Brantley to recover the Alleged Debt related to the Brandsmart Account

9

("Magistrate Lawsuit").

42.

A true and accurate copy of the Magistrate Lawsuit is attached hereto as **Exhibit B.**

43.

The Magistrate Lawsuit was filed in the Magistrate Court of Gwinnett County as Civil Action Number 20M02733.

*The Alleged Assignment of the Brandsmart Account*

44.

In the Complaint filed in the Magistrate Lawsuit, LVNV alleged that it was the legal assignee of the Alleged Debt.

45.

The Complaint filed in the Magistrate Lawsuit was styled as "LVNV Funding LLC as successor in interest to Synchrony Bank – Brandsmart."

46.

LVNV attached several documents to its Complaint in the Magistrate Lawsuit which included incorrect statements as to the amount, character, and ownership of the Alleged Debt.

10

*The Amount Sought in Magistrate Lawsuit*

47.

The Magistrate Lawsuit filed by LVNV alleged that Mr. Brantley was liable for an amount of $1,977.04 ("Magistrate Lawsuit Amount").

48.

The Magistrate Lawsuit Amount was $529.21 greater than the original purchase price of the Merchandise.

49.

The Magistrate Lawsuit Amount was not broken into principal and interest.

50.

LVNV also sought court costs and post judgment interest at the legal rate according to O.C.G.A. § 7-4-12 et. seq.

*Answer and Dismissal of Magistrate Lawsuit*

51.

Mr. Brantley hired an attorney to represent him in defense of the Magistrate Lawsuit filed against him by LVNV.

52.

On or about February 20, 2020, Prince Brantley's attorney filed an Answer to the Magistrate Lawsuit ("Answer").

11

53.

A true and accurate copy of the Answer is attached hereto as **Exhibit C.**

54.

Mr. Brantley's Answer denied that he owed the Alleged Debt and stated the reasons therefore.

55.

On or about March 9, 2020, LVNV caused the Magistrate Lawsuit against Mr. Brantley to be dismissed without prejudice ("Dismissal").

56.

A true and accurate copy of the Dismissal as provided by Defendants' attorney is attached hereto as **Exhibit D**.

57.

Defendants knew that Mr. Brantley did not owe the Alleged Debt.

58.

Defendants dismissed the Magistrate Lawsuit against Mr. Brantley because Mr. Brantley did not owe the Alleged Debt.

59.

Defendants dismissed the Magistrate Lawsuit against Mr. Brantley because it knew it could not prove that Mr. Brantley owed the Alleged Debt.

## RESPONDEAT SUPERIOR

60.

The individuals, employees, records custodians, officers, directors, and other individuals who attempt to collect debts on behalf of Defendant LVNV, who manage the operations of Defendant LVNV, and who engage in debt collection activities on behalf of Defendant LVNV are employees or agents of Defendant Resurgent.

61.

The acts and omissions of Defendant Resurgent's employees who acted as agents for Defendant LVNV as described herein, were committed within the time and space limits of their agency relationship with their respective principal, Defendant Resurgent.

62.

The acts and omissions by Defendant Resurgent's employees who acted as agents for Defendant LVNV were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendant Resurgent in collecting consumer debts.

63.

By committing these acts and omissions against Plaintiff, Defendant LVNV's employees and agents were motivated to benefit their respective principals, Defendant Resurgent.

64.

Defendants are therefore liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respective employees or agents.

## FIRST CAUSE OF ACTION (FDCPA)
## Violations of the Fair Debt Collection Practices Act

65.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.

Mr. Brantley allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a credit card debt ("Alleged Debt").

67.

Sometime thereafter, the Alleged Debt was allegedly assigned, placed with, or otherwise transferred to Defendants for collection from Prince Brantley.

68.

Defendants have attempted to collect an Alleged Debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt are for primarily personal, family, or household purposes.

14

69.

Based on information and belief, Defendants have violated the Fair Debt Collection Practices Act ("FDCPA").

70.

The FDCPA provides a civil cause of action against any debt collector who fails to comply with its requirements. *Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009).

## STANDING

71.

Plaintiff has suffered an injury in fact as a result of Defendants' violations of the FDCPA.

72.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way.

73.

Specifically, Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

74.

The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect

a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

75.

Defendants' violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

76.

Plaintiff's injury caused by Defendants' violations of the FDCPA are concrete and actually exist.

77.

Defendants' violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

78.

An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

79.

Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

80.

Defendants have subjected Plaintiff to false, deceptive, unfair, and unconscionable means to collect a consumer debt.

81.

The FDCPA statutorily creates Plaintiff's rights as well as a private right of action to enforce the statutorily created rights.

82.

The FDCPA's statutorily created rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

83.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

84.

Accordingly, through the violation of Plaintiff's statutorily created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

85.

As a result of the Defendants' actions and/or omissions, Plaintiff has suffered actual damages as a result of being subjected to false, deceptive, unfair, and unconscionable debt collection practices as detailed more thoroughly herein.

## COUNT 1
*Defendants' FDCPA Violations for*
*Collection Efforts Against Plaintiff for a Debt He Did Not Owe*

86.

Defendants violated the FDCPA by initiating collection actions against Plaintiff when Defendants knew or should have known that Plaintiff did not owe the Alleged Debt.

87.

Defendants violated the FDCPA by continuing to pursue collection actions against Plaintiff when Defendants knew or should have known that Plaintiff did not owe the Alleged Debt.

88.

Defendants dismissed the Magistrate Lawsuit against Plaintiff because Plaintiff did not owe the Alleged Debt.

89.

Defendants dismissed the Magistrate Lawsuit against Plaintiff because they knew they could not prove that Plaintiff owed the Alleged Debt.

90.

By virtue of pursuing Plaintiff for an Alleged Debt he did not owe, Defendants misrepresented the character, amount, and legal status of the Alleged Debt in violation of the FDCPA.

91.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

92.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2).

93.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

94.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

95.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the Magistrate Lawsuit and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

96.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**COUNT 2**
*Defendants' FDCPA Violations*
*in Connection with its Collection Efforts against Plaintiff*

97.

Defendants attempted to collect the incorrect amount for the Alleged Debt from Plaintiff in violation of the FDCPA.

98.

Any amounts sought by Defendants in their collection efforts against Plaintiff in connection with the Alleged Debt were incorrect because Plaintiff did not owe the Alleged Debt.

99.

Defendants' use of documents attached to the Magistrate Lawsuit that contain incorrect and conflicting statements as to the amount, character, and ownership of the Alleged Debt in order to try and collect the incorrect amount for the Alleged Debt from Plaintiff is in violation of the FDCPA.

100.

Defendants' incorrect statements as to the amount, character, and ownership of the Alleged Debt in the Magistrate Lawsuit, and their attempt to collect an incorrect amount from Plaintiff in the Magistrate Lawsuit, are in violation of the FDCPA.

101.

In their attempt to collect the Alleged Debt from Plaintiff, Defendants also attempted to collect improper interest, fees, and costs in addition to the Alleged Debt in their Magistrate Lawsuit against Plaintiff.

102.

The Magistrate Lawsuit filed by Defendants against Plaintiff sought a total amount of $1,977.04.

103.

The total amount of the Alleged Debt for the returned Merchandise was $1,447.83.

104.

Defendants' Magistrate Lawsuit sought to improperly collect $529.21 in addition to the Alleged Debt.

105.

Further, Defendants' Magistrate Lawsuit also sought to collect the costs of its Magistrate Lawsuit against Plaintiff.

106.

Because Plaintiff did not owe any amount of money to Defendants, Defendants were not entitled to collect the costs of the Magistrate Lawsuit.

107.

Further, Defendants' Magistrate Lawsuit also sought to collect post judgment interest against Plaintiff.

108.

Because Plaintiff did not owe any amount of money to Defendants, Defendants were not entitled to collect post judgment interest on any judgment received as a result of the Lawsuit.

109.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

110.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2).

111.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

112.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

113.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the Magistrate Lawsuit and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

114.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

**COUNT 3**
*Defendants' FDCPA Violations by Seeking Interest as Principal*

115.

Georgia law only allows post-judgment interest to accrue on principal, not interest. O.C.G.A. § 7-4-12(a).

116.

Defendants combined interest and principal for the Alleged Debt into one total amount in their Magistrate Lawsuit and did not separate their claims for principal and interest.

117.

Defendants did not break their claimed amount into interest and principal in order to increase the potential amount they will collect in post- judgment interest by obtaining an order that includes interest as principal so they can obtain post-judgment interest on interest in violation of Georgia law.

118.

According to documents attached to the Magistrate Lawsuit by Defendants, the Alleged Debt was actually comprised of principal, interest, and other fees.

119.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

120.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2) by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully

received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2).

121.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

122.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

123.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the Lawsuit and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

124.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## COUNT 4

*Defendants' FDCPA Violations by Suing Plaintiff on a Debt It Does Not Own Under Georgia Law*

125.

Defendants caused a lawsuit to be filed against Plaintiff on an Alleged Debt allegedly originating from Synchrony Bank despite Defendants not possessing at the time of filing, and upon information and belief never possessing, documents showing the Alleged Debt was assigned by Synchrony Bank to Defendants.

126.

Further, Plaintiff did not owe the Alleged Debt to Synchrony Bank and therefore, no Alleged Debt existed for assignment to Defendants.

127.

In short, under Georgia law, Defendants did not own, and cannot show that they owned, the right to sue Plaintiff on the Alleged Debt, but Defendants filed a lawsuit on the Alleged Debt against Plaintiff anyway.

128.

Defendants' actions are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

129.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2)

by making a "false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2).

130.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

131.

Specifically, Defendants' actions violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

132.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, the cost of hiring legal counsel to defend the Lawsuit and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

133.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the

FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## SECOND CAUSE OF ACTION (FBPA)
### Violations of Georgia's Fair Business Practices Act

### COUNT 1 (FBPA)
*Violations of Georgia's FBPA – Legal Remedy and Damages*

### 134.

Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

### 135.

Defendants have violated Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

### 136.

The purpose of the FBPA is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

### 137.

O.C.G.A. § 10-1-391 directs that the FPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

138.

O.C.G.A. § 10-1-393(a) of the FBPA broadly prohibits unfair and/or deceptive business practices.

139.

Defendants' conduct has implications for the consuming public in general.

140.

Defendants' conduct negatively impacts the consumer marketplace.

141.

Defendants intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

142.

Defendants' actions constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and therefore violate FBPA. O.C.G.A. § 10-1-390 *et seq.*

143.

Defendants' conduct as described herein constitute independent violations of the FBPA.

144.

Defendants' actions also violate the FDCPA 15 U.S.C. §§ 1692 *et seq.*, as detailed herein.

145.

Courts have recognized that violations of the FDCPA are also violations of the FBPA.  O.C.G.A. § 10-1-390 et seq. *See 1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60, 654 S.E.2d 428, 430-31 (2007).

146.

Defendants' actions in violation of the FDCPA, and therefore in violation of Georgia's FBPA, were intentional in nature and part of a business model designed to collect debts based on false, misleading, deceptive, unfair, unconscionable, abusive, harassing, and oppressive collection practices.

147.

Defendants do not maintain a place of business and do not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendants in this lawsuit.

148.

Plaintiff seeks actual damages from Defendants for the mental and emotional distress caused by Defendants' actions in violation of the FDCPA and FBPA, as well as other actual damages that may be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

149.

Plaintiff seeks damages of three times actual damages, against Defendants for

their intentional and purposeful action in attempting to collect the Alleged Debt in violation of the FBPA.  O.C.G.A. § 10-1-399(c).

## Count 2 (FBPA):
### *Punitive Damages Under Georgia's FBPA*

150.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of the FBPA.  O.C.G.A. § 10-1-390 *et seq.*

151.

Plaintiff allege that Defendants' continued actions as described herein are intentional in nature and requests that this Court award Plaintiff exemplary damages in an amount to be determined by the enlightened conscious of a jury.

152.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs for this action in accordance with O.C.G.A. § 10-1-399(d).

## THIRD CAUSE OF ACTION (UDPTE)
## UNFAIR OR DECEPTIVE PRACTICES TOWARD THE ELDERLY

153.

Plaintiff incorporates by reference all of the factual allegations in this Complaint as though fully stated herein.

154.

Defendants' conduct described herein provides Plaintiff with an independent cause of action under Georgia's Unfair or Deceptive Practices Toward the Elderly ("UDPTE").  O.C.G.A. § 10-1-850.

155.

"An elder or disabled person who suffers damage or injury as a result of an offense or violation described in this article has a cause of action to recover actual damages, punitive damages, if appropriate, and reasonable attorney's fees." O.C.G.A. § 10-1-853.

156.

The UDPTE also provides that a Court may impose *additional* civil penalties up to $10,000 for each violation of Article 15, 17, or 21 of the FBPA committed against elderly or disabled persons.  O.C.G.A. § 10-1-851.

157.

As previously desired herein, Defendants' conduct against Plaintiff constitute violations of Article 15 of the FBPA.

158.

By virtue of their violations of Article 15 of Georgia's FBPA, Plaintiff has a cause of action against Defendants to recover actual damages, punitive damages, if appropriate, and reasonable attorney's fees. O.C.G.A. § 10-1-853.

159.

By virtue of their violations of Article 15 of Georgia's FBPA, Defendants are also subject to an additional civil penalty of up to $10,000 for *each* violation against Plaintiff.

160.

O.C.G.A. § 10-1-850(2) defines "Elder person" as a person who is 60 years of age or older.

161.

Plaintiff is an "elder person" as he is over 60 years of age.

162.

Defendants had knowledge that Plaintiff was over the age of 60.

163.

Defendants' conduct as stated herein was in disregard of the rights of Elder persons.

164.

Defendants' actions have caused Plaintiff anxiety and stress, embarrassment, emotional distress, and have resulted in actual and direct harm to Plaintiff in an amount to be determined by the enlightened conscience of an impartial jury.

165.

Plaintiff requests actual damages as described herein and those to be determined by the enlightened conscience of an impartial jury, plus punitive damages, and reasonable attorney's fees and costs under O.C.G.A. § 10-1-853.

166.

Plaintiff requests that the maximum civil penalty of $10,000 be assessed against each Defendant for each of its violations under O.C.G.A. § 10-1-853, which include each violation of the FDCPA and FBPA as described herein, as applicable.

**FOURTH CAUSE OF ACTION PUNITIVES**
**(Punitive Damages Against Defendants)**

167.

Plaintiff incorporates by reference all of the factual allegations in this Complaint as though fully stated herein.

168.

In determining punitive damages, the court must consider the nature, frequency and persistency of the violations and the extent to which they were intentional.

169.

Upon information and belief, Plaintiff alleges that Defendants and its agents acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the

consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

## <u>JURY DEMAND</u>

170.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

- Find Defendants liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

- Award Plaintiff the full $1,000 statutory damages each for Defendant LVNV and Resurgent's FDCPA violations;

- Award Plaintiff actual damages for Defendants' FDCPA violations in an amount to be shown with more particularity at a later date pursuant to 15 U.S.C. § 1692k(a);

- Award Plaintiff's reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

- Find Defendants liable for actual damages in an amount to be shown with more particularity at a later date for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

- Find Defendants liable for damages in the amount of three times actual damages for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

- Find Defendants liable for punitive damages in an amount to be determined by the enlightened conscious of a jury pursuant to Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a) and O.C.G.A. § 51-12-5.1;

- Award Plaintiff's reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for all Defendant's violations of Georgia's Fair Business Practices Act;

- Find Defendants liable for actual damages, punitive damages, and reasonable attorney's fees for Unfair or Deceptive Practices Toward the Elderly, O.C.G.A. § 10-1-853;

- Find Defendants liable for additional civil penalties of $10,000 for each violation of Unfair or Deceptive Practices Toward the Elderly, O.C.G.A. § 10-1-853;

- Award Plaintiff the reasonable costs of this action;

- Award Plaintiff other expenses of litigation;

- Grant Plaintiff such other and additional relief as the Court deems just and equitable.

Submitted this August 24, 2020.

/s/*Jillian Sandt*
JILLIAN SANDT
Georgia Bar No.: 854396
ATTORNEY FOR PLAINTIFFS

SANDT LAW LLC
P.O. Box 188
Tucker, Ga 30085
(770) 714-1404
jill@sandtlawllc.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Submitted August 24, 2020.

/s/Jillian Sandt
JILLIAN SANDT
Georgia Bar No.: 854396
ATTORNEY FOR PLAINTIFF

SANDT LAW LLC
P.O. Box 188
Tucker, Ga 30085
(770) 714-1404
jill@sandtlawllc.com